Joyce A. Hemmer, ISB #7202
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
Post Office Box 1539
Boise, Idaho 83701
Telephone:  (208) 343-5454
Facsimile:  (208) 384-5844
jah@elamburke.com

Erin M. Bosman (CA SBN 204987)
(Pro Hac Vice to be filed)
Julie Y. Park (CA SBN 259929)
(Pro Hac Vice to be filed)
Alexandra Preece Barlow (CA SBN 299715)
(Pro Hac Vice to be filed)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130
Telephone:  (858) 720-5100
Facsimile:  (858) 720-5125
EBosman@mofo.com
JuliePark@mofo.com
ABarlow@mofo.com

Attorneys for Defendants
MICROPORT ORTHOPEDICS INC. and
WRIGHT MEDICAL TECHNOLOGY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRANDON W. SCHAAPMAN, an individual,<br><br>             Plaintiff,<br><br>       v.<br><br>WRIGHT MEDICAL TECHNOLOGY, INC., a Delaware corporation; and MICROPORT ORTHOPEDICS INC., a Delaware corporation,<br><br>             Defendant. | Case No.<br><br>DEFENDANT MICROPORT ORTHOPEDICS INC.'S NOTICE OF REMOVAL |

DEFENDANT MICROPORT ORTHOPEDICS INC.'S NOTICE OF REMOVAL – 1
sf-6065750

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant MicroPort Orthopedics Inc. ("MicroPort") submits this Notice of Removal of the state court civil action filed by plaintiff Brandon W. Schaapman, titled *Schaapman v. Wright Medical Technology, Inc., et al.*, Case No. CV01-24-06207, from the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, to this Court.[1] Pursuant to 28 U.S.C. § 1446 and Dist. Idaho Loc. Civ. R. 81.1, a copy of the state court Register of Actions is attached as **Exhibit A**, and a copy of the entire state court record (including all process, pleadings, and orders served upon defendants in such action), is attached as **Exhibit B**. In support of removal, MicroPort states as follows:

**I.     FACTUAL BACKGROUND**

1. On April 10, 2024, plaintiff filed a civil action in the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, titled *Schaapman v. Wright Medical Technology, Inc., et al.*, Case No. CV01-24-06207. (*See* **Exhibit B**, Complaint and Summons.)

2. The complaint alleges the following nine causes of action: (1) negligence of Wright; (2) negligence of MicroPort; (3) strict products liability for defective design and failure to warn by Wright; (4) strict products liability for defective design and failure to warn by MicroPort; (5) breach of warranty; (6) negligent and intentional misrepresentation; (7) negligence post-sale;

---

[1] By filing this notice of removal, MicroPort does not waive, either expressly or implicitly, its right to assert any defenses, objections, or motions available under state or federal law. MicroPort expressly reserves the right to move for dismissal of some or all of Plaintiff's claims.

DEFENDANT MICROPORT ORTHOPEDICS INC.'S NOTICE OF REMOVAL – 2
sf-6065750

(8) misrepresentation by omission; and (9) oppressive, fraudulent, malicious or outrageous conduct. (*See* **Exhibit B**, Compl.)

3. Plaintiff alleges that he was implanted with artificial hip components, manufactured by Wright, during a hip replacement surgery on January 9, 2012. (*Id*. at ¶¶ 18-19, 27, 29.) He alleges that he underwent a revision surgery on February 9, 2015 due to alleged failure of the acetabular component and liner dissociation. (*Id*. at ¶ 45.) Plaintiff further alleges that he underwent a second revision surgery on December 2, 2022, due to fracture of the neck component. (*Id*. at ¶¶ 59-60.)

## II.   BASIS FOR REMOVAL

4. MicroPort removes this action from the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, to this Court pursuant to 28 U.S.C. § 1332 based on the diversity of citizenship between plaintiff and defendants.

5. As set forth below, this case is a civil action within the original diversity jurisdiction of the federal district courts under 28 U.S.C. § 1332(a) because (1) this removal is timely and proper; (2) the amount in controversy exceeds $75,000; and (3) there is complete diversity of citizenship between plaintiff and defendants.

### A.   MicroPort's Removal Is Timely and Proper

6. This lawsuit was filed in the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, on April 10, 2024. (*See* **Exhibit B**.)

7. On July 17, 2024, plaintiff served the summons and complaint on MicroPort by process server. (*Id*.)

8. MicroPort's removal notice is timely because it is being filed within thirty (30) days of MicroPort's receipt of a copy of the summons and complaint and within one year of the commencement of the lawsuit in state court. (*See* 28 U.S.C. § 1446(b).)

DEFENDANT MICROPORT ORTHOPEDICS INC.'S NOTICE OF REMOVAL – 3
sf-6065750

### B.  The Amount in Controversy Exceeds $75,000

9. The Supreme Court of the United States has explained that "[t]he right of removal depends upon the case disclosed by the pleadings when the petition [] is filed." *Salem Tr. Co. v. Manufacturers' Fin. Co.*, 264 U.S. 182, 189 (1924).

10. Although plaintiff does not demand a specific dollar amount in damages in the complaint, the preponderance of the evidence demonstrates that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B) (requisite amount in controversy may be demonstrated by "preponderance of the evidence").

11. "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). The notice must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 89. But defendants are not required to provide evidence to support the amount in controversy in its notice of removal. *Id*. at 84 ("A statement 'short and plain' need not contain evidentiary submissions."). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 87.

12. Here, plaintiff seeks damages for alleged injuries arising out of alleged defects in the Profemur® hip system implanted in plaintiff. In the complaint, plaintiff alleges the following injuries and damages:

    a.    Physical pain and suffering of a past, present, and future nature;

    b.    Emotional/mental pain and suffering of a past, present, and future nature;

    c.    Permanent impairment and scarring;

    d.    Impairment of abilities to perform usual activities;

    e.    Disfigurement caused by the injuries;

      f.      Medical bills and expenses of a past, present, and future nature;

      g.      Loss of earnings;

      h.      Loss of earning capacity;

      i.      Loss of enjoyment of life;

      j.      Pre- and post-judgment interest;

      k.      Statutory and discretionary costs and attorney fees pursuant to Idaho Code § 12-120, 12-121, Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law; and,

      l.      All such further relief, both general and specific, to which he may be entitled to under the premises.

(**Exhibit B**, Compl. ¶ 352.)

13. Plaintiff's alleged damages, which include the cost of three separate orthopedic surgeries, plausibly exceed the $75,000 threshold. In similar cases, other federal courts have found the amount in controversy satisfied where the plaintiff's alleged injuries related to an allegedly defective hip implant. *See, e.g.*, *In re Stryker LFIT V40 Femoral Head Prod. Liab. Litig.*, No. 17-MD-2768-IT, 2020 WL 3037103, at *4 (D. Mass. June 4, 2020) (accepting that the amount in controversy permitted diversity jurisdiction and denying remand motion in product liability action involving hip replacement); *Milter v. Wright Med. Grp., Inc.*, No. 11-CV-11353, 2011 WL 4360024, at *3 (E.D. Mich. Sept. 19, 2011) (amount in controversy satisfied in hip implant product liability case where plaintiff alleged that he underwent a revision surgery and experienced adverse effects from corrosion, including physical and mental pain); *Askew v. DC Med., LLC*, No. 1:11-CV-1245-WSD, 2011 WL 1811433, at *1, n.2 (N.D. Ga. May 12, 2011) (plaintiff did not dispute that the amount in controversy exceeded $75,000 in hip implant product liability action); *Oiler v.*

*Biomet Orthopedics, Inc.*, No. CIV.A. 02-3778, 2003 WL 22174285, at *1, n.8 (E.D. La. Sept. 17, 2003) (denying remand where "it was facially apparent that the amount in controversy exceeds" the jurisdictional requirement).

14. Based on the nature of plaintiff's alleged damages, it is apparent from the face of the complaint that plaintiff seeks recovery in excess of $75,000, exclusive of interest and costs. The amount in controversy therefore exceeds the threshold for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

### C. There Is Complete Diversity of Citizenship Between the Parties

15. For purposes of diversity jurisdiction, a corporation shall be deemed a citizen of the state in which it was incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c). A corporation's principal place of business is presumed to be the place of the corporation's headquarters or "nerve center." *Hertz Corp. v. Friend*, 599 U.S. 77, 81–82 (2010).

16. Wright is a Delaware corporation with its principal place of business in Tennessee. (*See* **Exhibit B**, Compl. ¶ 3.) Thus, for purposes of determining diversity, Wright is a citizen of the State of Delaware and Tennessee. (*See* 28 U.S.C. § 1332(c)(1).)

17. MicroPort is a Delaware corporation with its principal place of business in Tennessee. (*See* **Exhibit B**, Compl. ¶ 6.) Thus, for purposes of determining diversity, MicroPort is a citizen of the State of Delaware and Tennessee. (*See* 28 U.S.C. § 1332(c)(1).)

18. According to plaintiff's complaint, plaintiff "is a resident and citizen of the State of Idaho, residing in Boise, Idaho." (**Exhibit B**, Compl. ¶ 2.)

19. Therefore, defendants are citizens of Delaware and Tennessee for diversity purposes, and plaintiff is a citizen of Idaho for diversity purposes. Accordingly, complete diversity exists between plaintiff and defendants.

### D. The Procedural Requirements for Removal Are Satisfied

20. Pursuant to Dist. Idaho Loc. Civ. R. 81.1, a copy of the state court Register of Actions in Case No. CV01-24-06207 is attached as **Exhibit A**.

21. In accordance with 28 U.S.C. § 1446(a), attached to this Notice of Removal is a copy of the entire state court record, including all process, pleadings, and orders served upon defendants in such action. (*See* **Exhibit B**.)

22. Venue is proper here because the United States District Court for the District of Idaho is the federal judicial district that encompasses the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada. (*See* 28 U.S.C. §§ 92 and 1441(a).)

23. Wright consents to this removal. (*See* Defendant Wright Medical Technology, Inc.'s Notice of Consent to Removal, filed August 15, 2024.)

24. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being served upon plaintiff, and a copy of this Notice of Removal is being filed promptly with the Court Clerk of the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada.

### III. CONCLUSION

MicroPort respectfully removes this action from the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, to the United States District Court for the District of Idaho under 28 U.S.C. §§ 1332, 1441, and 1446. The District Court has original jurisdiction over this action because the removal was timely, there is complete diversity between the parties, and the amount in controversy exceeds $75,000.

DATED this 15th day of August, 2024.

                               ELAM & BURKE, P.A.

                               By: /s/ *Joyce A. Hemmer*
                                     Joyce A. Hemmer

                                     Attorneys for Defendants
                                     MICROPORT ORTHOPEDICS INC. and
                                     WRIGHT MEDICAL TECHNOLOGY, INC.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of August, 2024, I filed the foregoing electronically through the CM/ECF System, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Evan S. Mortimer<br>LITSTER FROST INJURY LAWYERS<br>3501 W. Elder Street, Suite 208<br>Boise, Idaho 83705<br>evan.mortimer@litsterfrost.com | ☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Federal Express<br>☐ Via Facsimile<br>☒ ECF / Email |
| George E. McLaughlin<br>McLaughlin Law Firm, PC<br>1890 Gaylord Street<br>Denver, Colorado 80206-1211<br>GEM@McLLF.com | ☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Federal Express<br>☐ Via Facsimile<br>☒ ECF / Email |

/s/ *Joyce A. Hemmer*
Joyce A. Hemmer

4868-4763-8228, v. 3